UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GABRIELA ROJAS-LOZANO, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 15-10160-MGM |
| GOOGLE, INC., | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER REGARDING DEFENDANT'S
MOTION TO DISMISS OR IN THE ALTERNATIVE, TO TRANSFER
(Dkt. No. 12)

August 12, 2015

MASTROIANNI, U.S.D.J.

I. INTRODUCTION

Gabriela Rojas-Lozano ("Plaintiff") brings this putative class action against Google Inc. ("Defendant") for claims arising out of her registration for Google's free Gmail service. Specifically, Plaintiff alleges that during the signup process she was required to complete a "reCAPTCHA," which is a process that requires the user to decipher words or numbers displayed as distorted images, usually to ensure that a human is accessing the website rather than an automated computer program. According to Plaintiff, Defendant's reCAPTCHA included two images, the first of which it utilized for legitimate security purposes, but the second of which Defendant utilized in order to have the user transcribe the image for Defendant's profit. Plaintiff asserts two claims based on this allegation: unfair and deceptive business practices in violation of M.G.L. c. 93A (Count I), and unjust enrichment (Count II).[1]

---

[1] Count I is asserted on behalf of Plaintiff and a "Massachusetts Class," consisting of "[a]ll persons who have responded to a reCAPTCHA prompt in order to access a website or certain features of a website while they were Massachusetts

Defendant has filed a motion to dismiss, or in the alternative, to transfer.[2] Defendant contends that Plaintiff's claims are governed by enforceable forum selection and choice of law provisions contained in the "Terms of Service" Plaintiff agreed to upon signing up for the Gmail service. These provisions state the laws of California apply and that any claims must be brought in the federal or state courts of Santa Clara County, California. Thus, Defendant argues, the court should transfer this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). In the alternative, Defendant asserts Plaintiff's claims should be dismissed because Plaintiff may not bring a 93A claim under California law and unjust enrichment is not a cause of action under California law. For the following reasons, the court concludes transfer of this action to the Northern District of California is warranted in light of the forum selction clause and therefore will allow Defendant's Motion to Transfer. (Dkt. No. 8.)

## II. BACKGROUND

Plaintiff alleges the following facts. In August of 2014, Plaintiff, a resident of Williamstown, Massachusetts, signed up for a new Gmail account through Defendant's Gmail service. (Compl. ¶ 8.) Defendant is a Deleware Corporation that maintains its headquarters in Mountain View, California. (Id. ¶ 9.) "As a condition to creating a new Gmail account, [Defendant] required [Plaintiff] to respond to a reCAPTCHA prompt[3] by typing two words that were displayed to

---

residents." (Dkt. No. 1, Compl. ¶¶ 31, 48.) Count II is asserted on behalf of Plaintiff, the Massachusetts Class, and a "Nationwide Class," consisting of "[a]ll persons who have responded to a reCAPTCHA prompt in order to access a website or certain features of a website while they were United States residents." (Compl. ¶¶ 32, 53.) Because Plaintiff has not yet sought to certify either class, only Plaintiff's individual claims are presently before the court.
[2] Despite the title of Defendant's motion, it has conceded that the court should first decide whether to transfer the action and then, only in the event the court declines to transfer, decide whether to dismiss the case.
[3] Plaintiff explains that "[a] 'CAPTCHA' is a website security feature that requires a website user, before accessing a website or certain features of a website, to manually type letters and/or numbers that are displayed to the user in a distorted image" and that "CAPTCHA is an acronym for 'Completely Automated Public Turing test to tell Computers and Humans Apart.'" (Compl. ¶ 13.)
> The stated purpose of CAPTCHA is to ensure that website users are human beings rather than an automated program that may not be accessing a website for legitimate reasons. That is, because automated programs are generally unable to decipher distorted images of texts . . . but human users can

[Plaintiff] as two distorted images."  (Id. ¶ 8)  "The second of those two words served no security purpose; the sole purpose of the second word was to require [Plaintiff] to read and transcribe the word for [Defendant's] use and benefit."  (Id.)

Specifically, Defendant uses the reCAPTCHA platform "to transcribe scanned images of books and newspapers, and also to decipher addresses found in images captured as part of [Defendant's] Street View project."  (Id. ¶ 20.)  Defendant does this because its technology often cannot decipher the image accurately.  (Id. ¶ 21.)  Thus, Defendant uses humans through its reCAPTCHA prompt to decipher these images for free; when multiple users provide the same transcription of the same scanned image, Defendant then updates its transcription of the source.  (Id. ¶¶ 22-23.)  Defendant profits from this process because third parties, such as the New York Times, pay it to transcribe the scanned images of archived versions of its texts; Defendant also profits from its owns digitization of books which it offers in electronic format through Google Books and from advertising revenue it obtains from its various websites that make available to the public Defendant's digitization of scanned images.  (Id. ¶¶ 24-26.)  Plaintiff received no compensation for transcribing the second word, and Defendant does not disclose to users that it is profiting from their time and effort.  (Id. ¶¶ 8, 27.)  Plaintiff therefore alleges that Defendant, "in essence, operates a highly profitable transcription business built upon free labor, which it deceptively and unfairly obtains from unwitting websites users, in violation of their rights as consumers, who are offered no choice but to transcribe words for the sole purpose of enriching [Defendant]."  (Id. ¶ 29.)

In support of its motion, Defendant has submitted a declaration from Wei Liu, a Product Manager familiar with Defendant's reCAPTCHA operations, as well as screens shots showing the

---

typically decipher distorted images, a CAPTCHA prompt can distinguish real human beings from automated programs, preventing the latter from accessing all or parts of websites that use the CAPTCHA service.

(Id.)  Defendant's CAPTCHA platform is known as "reCAPTCHA" and "is the dominant CAPTCHA provider and has been widely used on popular website including Facebook, Twitter, TicketMaster, CNN, and CraigsList, as well as Google's own websites including Gmail."  (Compl. ¶ 16.)

process for signing up for Gmail and a copy of the Google Terms of Service and Privacy Policy, in effect in August of 2014, which users were required to agree to in order to complete the Gmail signup process.[4] (Dkt. No. 12-1, Declaration of Wei Liu ("Liu Decl."), Exs. A-C.) The screen shots show a webpage entitled "Create your Google Account." (Liu Decl., Ex. A.) The webpage requires a user signing up for Gmail to provide his or her first and last name; choose a username and password; and provide a birthday, gender, mobile phone number, and current email address. (Id.) Below those boxes, the webpage states "Prove you're not a robot," displays an image, and then requires the user to "Type the text." (Id.) Below this reCAPTCHA prompt, the webpage requires the user to click a box stating "I agree to the Google Terms of Service and Privacy Policy" before the user may click "Next step" to continue the signup process. (Id.) Both the Terms of Service and Privacy Policy are available to the user as a hyperlink; that is, if the user clicks on those words, the actual Terms of Service and Privacy Policy are brought up on a separate screen for the user to review. (Id.)

The Terms of Service include a choice of law provision and a forum selection clause which reads:

> The laws of California, U.S.A., excluding California's conflict of laws rules, will apply to any disputes arising out of or relating to these terms or the Services. All claims arising out of or relating to these terms or the Services will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts.

---

[4] The court agrees with Defendant that the affidavit and Terms of Service are admissible for purposes of a motion under 28 U.S.C. § 1404(a), which is an evidentiary motion under which Defendant bears the burden of proof. See Coady v. Ashcraft & General, 223 F.3d 1, 11 (1st Cir. 2000) ("The burden of proof rests with the party seeking transfer . . . ."); see also New York Marine & General Ins. Co. v. Lafarge North America, Inc., 599 F.3d 102, 114 (2d Cir. 2010) (party moving for a transfer of venue has the burden of showing by clear and convincing evidence that transfer is warranted); McEvily v. Sunbeam-Oster Co., 878 F. Supp. 377, 345 (D.R.I. 1994) (explaining that "[p]arties must state with particularity, by way of proof or affidavit, what witnesses are to be called and what the nature of their testimony and the extent of their inconvenience will be" for purposes of deciding the convenience of the witnesses prong regarding motions to transfer under § 1404(a)). Defendant also asserts that the Terms of Service "are subject to judicial notice in support of a motion to dismiss, under both Ninth and First Circuit law, pursuant to the incorporation by reference doctrine," citing Rubio v. Capital One Bank, 613 F.3d 1195, 1199 (9th Cir. 2010) and Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993). Plaintiff has not argued otherwise, but the court need not resolve this issue since it agrees that transfer is warranted in this case and, thus, does not address Defendant's alternative argument for dismissal.

(Id., Ex. B.) The Terms of Service define "Services" as "our products and services." (Id.) In support of Defendant's transfer request, which both parties concede should be decided before the motion to dismiss, Defendant argues that the forum selection clause applies to Plaintiff's complaint and, as such, this case should be transferred to the Northern District of California.

### III. STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Where a plaintiff has contractually agreed to a specific venue by means of a forum selection clause, a court may enforce this agreement by granting a motion to transfer under 28 U.S.C. § 1404(a)." Lease America.Org, Inc. v. Rowe Intern. Corp., --- F.Supp.3d ---, 2015 WL 1442573, at *1 (D. Mass. Mar. 31, 2015) (citing Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, 134 S.Ct. 568, 575 (2013)). "[A] forum-selection clause should 'be given controlling weight in all but the most exceptional circumstances. In the vast majority of cases when a forum-selection clause is included, a § 1404(a) motion to transfer will be allowed.'" Id. (citing Kebb Management, Inc. v. Home Depot U.S.A., Inc., 59 F.Supp.3d 283, 287 (D. Mass. 2014)).

"[A] court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." Atlantic Marine, 134 S.Ct. at 581. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves, or their witnesses, or for their pursuit of the litigation." Id.

IV.     ANALYSIS

Forum selection clauses will be enforced "provided they have been reasonably communicated and accepted and if, considering all the circumstances, it is reasonable to enforce the provision at issue." Ajemian v. Yahoo!, Inc., 987 N.E.2d 604, 611 (Mass. App. Ct. 2013) (citing Jacobson v. Mailboxes Etc. U.S.A., Inc., 646 N.E.2d 741, 743 (Mass. 1995)). "The burden is on [Defendant] to demonstrate that the forum selection and limitations clauses in the [Terms of Service] were reasonably communicated and accepted, but the plaintiffs bear the 'substantial burden' to demonstrate that enforcement of the forum selection clause is unreasonable in the circumstances." Id. (citing Melia v. Zenhire, Inc., 967 N.E.2d 580, 595 (Mass. 2012)). "Reasonably conspicuous notice of the existence of the contract terms and unambiguous manifestation of assent to those terms by consumers are essential if electronic bargaining is to have integrity and credibility." Specht v. Netscape Communications Corp., 306 F.3d 17, 35 (2nd Cir. 2002).

Here, Plaintiff signed up for a Gmail account and agreed to Google's Terms of Service and Privacy Policy. Specifically, Plaintiff was required to check a box next to the text, "I agree to Google Terms of Service and Privacy Policy." This "clickwrap" agreement reasonably communicated the terms, and by clicking the box Plaintiff entered into a valid and enforceable contract. See Rudgayzer v. Google, Inc., 986 F.Supp.2d 151, 156 (E.D.N.Y. 2013) ("Google requires all users, after seeing a screen listing the terms or a link to the terms, to agree to the terms of use before creating an email account . . . . Agreements such as this—that require a user's assent as a prerequisite for using the services and are known as 'clickwrap' agreements—are considered reasonably communicated.")

The Terms of Service contained a forum selection clause which reads:

> All claims arising out of or relating to these terms or the Services will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in those courts.

(Liu Decl., Ex. B.) This action originates from Plaintiff's response to the reCAPTCHA prompt during the process of creating her Gmail account. Accordingly, Plaintiff's claims are plainly governed by the forum selection clause.

Granted, Plaintiff argues the Terms of Service do not apply to reCAPTCHA, as a reasonable user would not understand reCAPTCHA to be a Google service. However, Plaintiff does not and cannot contend that the Terms of Service do not apply to her use of Gmail. Moreover, the forum selection clause is written in broad terms, covering all claims "arising out of or relating to" Defendant's products or services. See Bagg v. Highbeam Research, Inc., 862 F. Supp.2d 41, 45 (D. Mass. 2012) ("The First Circuit has interpreted the term 'relating to' in forum selection clauses to be very broad." (citing Huffington v. T.C. Group, LLC, 637 F.3d 18, 22 (1st Cir. 2011) (stating that the term "relating to" is "broader in scope than the term 'arising out of'"))). And, as Plaintiff notes, response to the reCAPTCHA prompt was required in order to create a Gmail account. (Compl. ¶ 8.) In the court's view, therefore, completing the reCAPTCHA, the sole basis for Plaintiff's claims, arises out of or relates to the Gmail product or service.[5] Given that the Terms of Service were reasonably communicated and accepted, Defendant has met its burden to demonstrate that the forum selection clause is valid and enforceable. See Ajemian, 987 N.E.2d at 611.

Plaintiff, however, has failed to meet her substantial burden "to demonstrate that enforcement of the forum selection clause is unreasonable in the circumstances." Id. Plaintiff agreed to the Terms of Service, and the forum selection clause clearly applies to her claim. Plaintiff has not pointed to any exceptional circumstances which would render enforcement of the provision unfair or unreasonable. As such, the forum selection clause will be enforced and the case will be transferred to the Northern District of California.

---

[5] Moreover, Plaintiff herself describes reCAPTCHA as a Google "Service" at times in her complaint. (Compl. ¶¶ 2, 3.)

V. CONCLUSION

For these reasons, the court ALLOWS Defendant's Motion to Transfer (Dkt. No. 8.) and declines to rule on Defendant's Motion to Dismiss.

It is So Ordered.


    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge