1  DURIE TANGRI LLP
   RAGESH K. TANGRI (SBN 159477)
2  rtangri@durietangri.com
   MICHAEL H. PAGE (SBN 154913)
3  mpage@durietangri.com
   JOSEPH C. GRATZ (SBN 240676)
4  jgratz@durietangri.com
   ADAM R. BRAUSA (SBN 298754)
5  abrausa@durietangri.com
   217 Leidesdorff Street
6  San Francisco, CA  94111
   Telephone:    415-362-6666
7  Facsimile:    415-236-6300

8  Attorneys for Defendant
   GOOGLE INC.

9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13  GABRIELA ROJAS-LOZANO, Individually       Case No. 3:15-cv-03751-JSC
    And On Behalf Of All Other Persons Similarly
14  Situated,                                 **DEFENDANT GOOGLE INC.'S NOTICE OF
                                              MOTION AND MOTION TO DISMISS
15                        Plaintiff,          PLAINTIFF'S AMENDED COMPLAINT**

16       v.                                   Date:    December 10, 2015
                                              Time:    9:00 a.m.
17  GOOGLE INC.,                              Ctrm:    F – 15th Floor
                                              Judge:   Honorable Jacqueline Scott Corley
18                        Defendant.

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................2

    A.   Procedural History .....................................................................................2

    B.   Factual background .....................................................................................2

II.   ARGUMENT .......................................................................................................4

    A.   By Contractual Agreement, Massachusetts Law Does Not Apply .....................4

    B.   Plaintiff Does Not State a Claim for Violation of The CLRA............................6

        1.   The CLRA Does Not Apply To Software...............................................6

        2.   Plaintiff Fails to Meet any of the Elements of a CLRA claim.................7

        3.   Plaintiff Has Failed to Satisfy the Procedural Requirements for a CLRA Claim...................................................................................................10

    C.   Plaintiff Does Not State a Section 17200 claim...........................................11

    D.   The Existence of a Written Contract Bars Plaintiff's Claim for "Quasi Contract/Unjust Enrichment"...................................................................12

III.   CONCLUSION..................................................................................................13

i

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT / CASE NO. 3:15-CV-03751-JSC

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Backhaut v. Apple, Inc.*,
74 F. Supp. 3d 1033 (N.D. Cal. 2014) ...............................................................8, 9, 11, 12

*Berry v. Am. Express Publ'g, Inc.*,
147 Cal. App. 4th 224 (Cal. Ct. App. 2007) .........................................................................7

*Blennis v. Hewlett-Packard Co.*,
No. C 07-00333 JF, 2008 WL 818526 (N.D. Cal. Mar. 25, 2008) ......................................13

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (Cal. Ct. App. 2010) ..............................................................8, 9, 13

*ePresence, Inc. v. Evolve Software, Inc.*,
190 F. Supp. 2d 159 (D. Mass. 2002) ...................................................................................5

*Ferrington v. McAfee, Inc.*,
No. 10-CV-01455-LHK, 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) ................................7

*Frezza v. Google Inc.*,
No. 5:12-cv-00237-RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22, 2013) ...........................6

*Greentree Software, Inc. v Delrina Technology, Inc.*,
No. 5:95-cv-20799-SW, 1996 WL 183041 (N.D. Cal. Apr. 11, 1996) .................................5

*Hill v. Roll Int'l Corp.*,
195 Cal. App. 4th 1295 (Cal. Ct. App. 2011) .....................................................................12

*I.B. ex rel Fife v. Facebook, Inc.*,
905 F. Supp. 2d 989 (N.D. Cal. 2012) ..................................................................................7

*Imber-Gluck v. Google, Inc.*,
No. 5:14-CV-01070-RMW, 2014 WL 3600506 (N.D. Cal. July 21, 2014) ..........................9

*In re Apple and AT&T iPad Unlimited Data Plan Litig.*,
802 F. Supp. 2d 1070 (N.D. Cal. 2011) ..............................................................................10

*In re Apple In-App Purchase Litig.*,
855 F. Supp. 2d 1030 (N.D. Cal. 2012) ..............................................................................13

*In re Facebook Privacy Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) ..................................................................................9

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
988 F. Supp. 2d 434 (D. Del. 2013) ...................................................................................6, 9

*In re Google Inc. Gmail Litig.*,
No. 13-MD-02430-LHK, 2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ............................6

*In re Google Privacy Policy Litig.*,
No. C-12-01382-PSG, 2013 WL 6248499 (N.D. Cal. Dec. 3, 2013) .................................10

ii

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT / CASE NO. 3:15-CV-03751-JSC

*In re iPhone 4S Consumer Litig.*,
    No. C 12-1127 CW, 2013 WL 3829653 (N.D. Cal. July 23, 2013) ................................8, 11

*In re iPhone Application Litig.*,
    No. 11-MD-02250-LHK, 2011 WL:4403963 (N.D. Cal. Sept. 20, 2011)...................................10, 12

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ...........................................................................7

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    903 F. Supp. 2d 942 (S.D. Cal. 2012) ..........................................................................7, 12

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,
    758 F. Supp. 2d 1077 (S.D. Cal. 2010) ............................................................................11

*In re Tobacco II Cases,*
    46 Cal. 4th 298 (Cal. 2009).........................................................................................9

*Kane v. Chobani, Inc.*,
    973 F. Supp. 2d 1120 (N.D. Cal. 2014) ........................................................................9, 12

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .....................................................................................11

*Laster v. T-Mobile USA, Inc.*,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005)..........................................................................10, 12

*McKell v. Wash. Mut., Inc.*,
    142 Cal. App. 4th 1457 (Cal. Ct. App. 2006) .....................................................................12

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
    96 F.3d 1151 (9th Cir. 1996) .......................................................................................13

*Rubio v. Capital One Bank*,
    613 F.3d 1195 (9th Cir. 2010) ......................................................................................2

*Semegen v. Weidner*,
    780 F.2d 727 (9th Cir. 1985) .......................................................................................11

*Ting v. AT&T*,
    319 F.3d 1126 (9th Cir. 2003) ......................................................................................7

*Troyk v. Farmers Grp., Inc.*,
    171 Cal. App. 4th 1305 (Cal. Ct. App. 2009) .....................................................................12

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .....................................................................................11

*Wofford v. Apple Inc.*,
    No. 11-CV-0034 AJB NLS, 2011 WL 5445054 (S.D. Cal. Nov. 9, 2011) ...........................................7

*Yunker v. Pandora Media, Inc.*,
    No. 11-3113, 2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) .........................................................9

**Statutes**

28 U.S.C. § 1404.................................................................................................................2

Cal. Bus. & Prof. Code § 17204..................................................................................9, 12

Cal. Civ. Code § 1782.......................................................................................................10

**Other Authorities**

Massachusetts General Law 93A...........................................................................4, 5, 10

**Rules**

Fed. R. Civ. P. 12..........................................................................................................1, 2

Fed. R. Civ. P. 9(b) ..................................................................................................4, 6, 8, 11

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT / CASE NO. 3:15-CV-03751-JSC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 10, 2015 at 9:00 a.m., in Courtroom F of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Google Inc. ("Google" or "Defendant") by its attorneys Durie Tangri LLP, will move and hereby moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's Amended Complaint (the "FAC") against Google with prejudice.

This Motion is based upon this Notice of Motion and Memorandum of Points and Authorities in support thereof, the Declaration of Michael H. Page filed herewith, the FAC and other pleadings on file in this matter, the arguments of counsel, and all other material which may properly come before the Court at or before the hearing on this Motion.

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT / CASE NO. 3:15-CV-03751-JSC

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

   **A.     Procedural History**

   This case was originally brought by Ms. Rojas-Lozano in the District of Massachusetts on January 22, 2015.  Based on the mandatory California forum and choice of law provisions in the Google Terms of Service, Google moved to transfer to this Court pursuant to 28 U.S.C. § 1404, or in the alternative to dismiss under Fed. R. Civ. P. 12.  On August 12, 2015, the District of Massachusetts found the Google Terms of Service valid and enforceable, and granted Google's transfer motion, declining to rule on the alternative Rule 12 motion.

   By stipulation, the parties agreed that Ms. Rojas-Lozano would file an amended complaint in this Court, in order to plead California law claims, which she did on September 15, 2015.  Google now moves to dismiss that amended complaint (the "FAC").

   **B.     Factual background[1]**

   Ms. Rojas-Lozano's claims are based on a single act for which she seeks compensation:  typing four characters in August 2014 in the process of opening an account on Google's free Gmail service. The Gmail signup process required her to complete a "reCAPTCHA," a process whereby the user must type a few letters correctly transcribing a distorted image of a word or letter.  That signup process, as the Massachusetts court held, *also* requires the user to affirmatively agree to a contract with Google— Google's Terms of Service—by checking a box next to the text "I agree to the Google Terms of Service and Privacy Policy" before one is allowed to create a Gmail account.  Declaration of Wei Liu ("Liu Decl.") ¶ 6 & Ex. A.[2]

   The version of the Terms of Service in force when Ms. Rojas-Lozano signed up for Gmail (which

---

[1] The facts herein are those alleged by the Plaintiff, the truth of which is presumed solely in the context of a Rule 12(b)(6) motion.

[2] Docket Nos. 12-1 & 12-2, originally filed in the transferor court.  For the Court's convenience, Ms. Liu's declaration and exhibits are also attached to the accompanying Declaration of Michael Page ("Page Decl.") as Exhibit A.  The contract under which (as the Massachusetts court has held) these claims arise is subject to judicial notice under the incorporation by reference doctrine.  *See Rubio v. Capital One Bank*, 613 F.3d 1195, 1199 (9th Cir. 2010).

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT / CASE NO. 3:15-CV-03751-JSC

1   remains unchanged today) contains the following choice of law and venue provisions:

2           The laws of California, U.S.A., excluding California's conflict of laws
            rules, will apply to any disputes arising out of or relating to these terms or
3           the Services. All claims arising out of or relating to these terms or the
            Services will be litigated exclusively in the federal or state courts of Santa
4           Clara County, California, USA, and you and Google consent to personal
            jurisdiction in those courts.
5   *Id.*, Ex. B at 4.

6           As detailed in Ms. Rojas-Lozano's FAC (¶¶ 3-5), one of Google's software products is

7   reCAPTCHA. "Captchas" are the now familiar boxes internet users are often asked to fill in, which can

8   confirm to a website that they are human actors, not automated processes. For example, when tickets for

9   a popular concert would go on sale, ticket scalpers would create automated scripts to visit online ticket

10  broker sites thousands of times, grabbing up as many tickets as possible. To combat such practices,

11  websites started displaying distorted images of letters that humans could read, but computers could not.

12  If the user typed the letters correctly, the website knew it was not dealing with a "robot."[3]  Ms. Rojas-

13  Lozano correctly claims that, in addition to using reCAPTCHAs to detect robot activity and other fraud,

14  Google (for some versions of reCAPTCHA during some periods of time) realized that it could make a

15  second, socially beneficial use of the same simple process. Google's own automated processes are

16  sometimes unable to decipher images of letters and numbers. One example is Google Books, where in

17  the process of digitizing (for free) the contents of major libraries Google's systems sometimes encounter

18  words they cannot read (for example, because the page is torn, or there is dirt or ink on the page). By

19  including the photographic image of the unknown word in a set of reCAPTCHAs, and by receiving

20  matching transcriptions from multiple users, Google can learn the correct word. The same technique has

21  been used in digitizing the archives of the New York Times, as well as in deciphering street names and

22  addresses for mapping purposes.

23          The unified Google Terms of Service described apply to most of Google's scores of services,

24  including both Gmail and reCAPTCHA.[4]  Indeed, links to the same terms of service and privacy policy

25  _____
    [3] As is often the case, technology outpaces litigation. Although the FAC describes prior versions of
26  reCAPTCHA, Google has since developed an improved version that can typically distinguish between
    human and robot activity without requiring the entry of any characters at all. *See*
27  https://www.google.com/recaptcha/intro/index.html.

    [4] The Terms of Service define "Services" as Google's "products and services." *Id.*, Ex. B at 1.
28

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT / CASE NO. 3:15-CV-03751-JSC

are contained in the reCAPTCHA windows displayed to users encountering them on third party sites as well, as shown at Paragraph 26 of the FAC.

Ms. Rojas-Lozano's FAC purports to state four causes of action, none of which can succeed. *First*, despite the express choice of law provisions in the TOS, she attempts to bring a claim under Massachusetts General Law 93A. That claim is contractually barred. *Second*, she attempts a California Consumer Legal Remedies Act ("CLRA") claim, which fails for a host of reasons: the CLRA does not apply to software, the FAC fails to allege any elements of a CLRA claim (a misrepresentation to the plaintiff, reliance on that misrepresentation, a transaction involving payment entered into as a result of that reliance, and resulting economic loss), and Ms. Rojas-Lozano failed to satisfy either of the strict procedural prerequisites for a CLRA damages claim. *Third*, Ms. Rojas-Lozano attempts an unfair competition claim under Section 17200, attempting to allege both "illegal" and "unfair" practices. The "illegal" prong claim fails because its sole predicate is the failed CLRA claim, and the "unfair" prong claim fails because it does not plead fraud with the requisite Rule 9(b) particularity, does not plead reliance, and does not plead loss of money or property. *Fourth*, the FAC attempts a claim for "Quasi Contract / Unjust Enrichment," which fails because there is no such thing as a claim for unjust enrichment in California, and a claim for quasi-contract is barred by the existence of an actual contract.

This Court should dismiss this action for failure to state a claim.

## II.   ARGUMENT

### A.   By Contractual Agreement, Massachusetts Law Does Not Apply

As the District of Massachusetts held in transferring this case to this Court, there is a binding and valid contract between Ms. Rojas-Lozano and Google. "Plaintiff does not and cannot contend that the Terms of Service do not apply to her use of Gmail. . . . . Plaintiff agreed to the Terms of Service, and the forum selection clause clearly applies to her claim. . . . As such, the forum selection clause will be enforced and the case will be transferred to the Northern District of California." Order at 7, Docket No. 31.

That holding is now law of the case, and by the express terms of that contract, "[t]he laws of California, U.S.A., excluding California's conflict of laws rules, will apply to any disputes arising out of or relating to these terms or the Services." Thus Ms. Rojas-Lozano has contractually agreed that her

claims will be determined exclusively under California law, regardless whether California's own conflict of laws jurisprudence would otherwise require application of the law of her home forum.  She nonetheless continues to press a claim under Massachusetts law, while simultaneously pleading an analogous California consumer protection statute, as discussed below.

Ms. Rojas-Lozano, in proceedings before transfer, argued that Massachusetts public policy barred this result, as it would be equivalent to an improper waiver of rights under Massachusetts General Law Chapter 93A.  But the District of Massachusetts has considered and rejected precisely this question— whether Massachusetts citizens can contract to be governed by the terms of  a different state's consumer protection statutes.  The answer is an unambiguous "yes."

In *ePresence, Inc. v. Evolve Software, Inc.*, 190 F. Supp. 2d 159, 162, 164–65 (D. Mass. 2002) the court granted a motion to dismiss a Chapter 93A claim based on a choice-of-law provision specifying that California law would apply.  Responding to an argument that this holding would violate public policy by waiving Massachusetts legal protections, the *ePresence* court held:

> **Public policy considerations, no matter how compelling, do not alter the plain language of the Agreement.**  The mere fact that the defendant "acted with bad motive" does not render the Agreement's choice of law provision inapplicable, but rather the critical question is whether the alleged bad conduct brings "these claims outside the scope of the contractual language that says California law will govern."  **In the instant dispute, the Agreement's choice-of-law provision means that California law governs any actions related to the Agreement even if the defendant's conduct was unfair or deceptive.**  Therefore, the plaintiff's Chapter 93A claim will be dismissed.

*ePresence*, 190 F. Supp. 2d at 164–65 (emphasis added, citation omitted).

Ms. Rojas-Lozano suggested in Massachusetts (and may here as well) that, because *ePresence* concerned a different section of Chapter 93A, it should not apply, but *ePresence* does not rely on that alleged distinction, and indeed does not even state which Section of Chapter 93A was at issue.  Moreover, this Court has reached the same conclusion:  in *Greentree Software, Inc. v Delrina Technology, Inc.*, No. 5:95-cv-20799-SW, 1996 WL 183041 (N.D. Cal. Apr. 11, 1996), Judge Williams addressed the identical situation, also dismissing a Massachusetts Chapter 93A claim based on a contractual agreement to apply California law.  By the plain and unambiguous terms of the parties' contract, Massachusetts law does not apply here, and Ms. Rojas-Lozano's claim based on that statute

1   should be dismissed.[5]

2   **B.     Plaintiff Does Not State a Claim for Violation of The CLRA**

3          Ms. Rojas-Lozano's CLRA claim fails for myriad reasons.  *First*, as numerous courts have held,

4   the CLRA applies only to the sale of good or services, and not to software.  *Second*, to state a cause of

5   action under the CLRA, a plaintiff must allege, with the particularity required by Rule 9(b), a material

6   misrepresentation, reliance on that misrepresentation, a transaction resulting from that reliance, and

7   economic injury caused by that transaction.  Ms. Rojas-Lozano's FAC fails on all counts.  And *third*,

8   apart from the substantive defects, the CLRA has two distinct procedural requirements, both of which are

9   strictly construed and enforced:  a pre-filing letter specifically identifying the provision of the CLRA

10  alleged to have been violated, and a sworn declaration filed with the complaint attesting to compliance

11  with that requirement.  Ms. Rojas-Lozano has neither.

12  **1.     The CLRA Does Not Apply To Software**

13         Ms. Rojas-Lozano's claim cannot be brought under the CLRA because—as multiple cases have

14  held—the CLRA does not apply to software.  For example, the court in *In re Google Inc. Cookie*

15  *Placement Consumer Privacy Litigation*, 988 F. Supp. 2d 434, 450–51 (D. Del. 2013), rejecting a CLRA

16  claim based—as here—on use of Google's services, explained that:

17              "Services" within the context of the CLRA are defined as "work, labor, and
                services other than a commercial or business use, including services
18              furnished in connection with the sale or repair of goods."  *Id.* § 1761(b).
                "Goods" are defined as "tangible chattels."  *Id.* § 1761(a).  The CLRA does
19              not apply to the sale or license of software, because software is neither a
                "good" nor a "service" covered by the CLRA.  Plaintiffs' argument that
20              Google's advertising is a "service" and not software is unavailing, as

21  _____

22  [5] We expect that Ms. Rojas-Lozano will again argue that Google has taken an inconsistent position—that
    consumers must bring claims under their own states' laws—in two other cases: *In re Google Inc. Gmail*
    *Litigation*, No. 13-MD-02430-LHK, 2013 WL 5423918 (N.D. Cal. Sept. 26, 2013), and *Frezza v. Google*
23  *Inc.*, No. 5:12-cv-00237-RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22, 2013).  Not so.  In neither case
    did the court address a contractual provision expressly *excluding* California conflict of law provisions.
24  The *In re Google* opinion concerned a class of plaintiffs (persons who sent and received emails to and
    from Gmail users) with no contractual relationship to Google at all, and the *Frezza* case, brought by a
25  North Carolina business based on a claim of false advertising and implied contract, did not address a
    contractual agreement excluding state choice of law provisions.  Accordingly, in both of those cases, the
26  courts analyzed the claims based on California's conflict of laws rules.

27  In this case, by contrast, those choice of law provisions are expressly excluded: "The laws of California,
    U.S.A., **excluding California's conflict of laws rules**, will apply . . . ."  Liu Decl., Ex. B at 4 (emphasis
28  added).  Cases applying those California choice of law rules are thus wholly irrelevant.

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT / CASE NO. 3:15-CV-03751-JSC

plaintiffs' use of software browsers and the subsequent software activity is the conduct alleged to be "unfair."  The California case law is clear that software and software activity are not covered by the CLRA.

Similarly, in *In re iPhone Application Litigation*, 844 F. Supp. 2d 1040, 1070 (N.D. Cal. 2012) this Court, noting that "[t]he CLRA only applies to a limited set of consumer transactions, and is not a law of 'general applicability'" (citing *Ting v. AT&T*, 319 F.3d 1126, 1148 (9th Cir. 2003)), reaffirmed that "this court has previously determined that the CLRA does not apply to the sale or license of software, because software is neither a 'good' nor a 'service' covered by the CLRA."  Accordingly, the court dismissed CLRA claims based on the downloading and operation of smartphone applications.

Multiple courts have agreed that the CLRA does not apply to software.  *See, e.g.*, *Ferrington v. McAfee, Inc.*, No. 10-CV-01455-LHK, 2010 WL 3910169, at *14 (N.D. Cal. Oct. 5, 2010) ("the CLRA does not cover transactions relating to the sale or lease of software."); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 971–73 (S.D. Cal. 2012) (the CLRA does not impose liability on defendants for a shutdown of an online video gaming network, even if the network was meant to be used with a device); *Wofford v. Apple Inc.*, No. 11-CV-0034 AJB NLS, 2011 WL 5445054, at *2 (S.D. Cal. Nov. 9, 2011) (the CLRA does not afford plaintiffs a remedy for damages arising out of the downloading of a free software upgrade); *Berry v. Am. Express Publ'g, Inc.*, 147 Cal. App. 4th 224, 229–30 (Cal. Ct. App. 2007) (credit card neither good nor service); *I.B. ex rel Fife v. Facebook, Inc.*, 905 F. Supp. 2d 989, 1008 (N.D. Cal. 2012) (Facebook credits not goods or services for CLRA purposes).

This rule is fatal to Ms. Rojas-Lozano's CLRA claim.  There is no dispute that the only transaction alleged in the FAC is signing up for (and presumably using) Google's Gmail software, and in the process interacting with Google's reCAPTCHA software.  As case upon case has held, the CLRA does not apply to software, no matter how many times one calls it a service.

### 2.     Plaintiff Fails to Meet any of the Elements of a CLRA claim

The CLRA's inapplicability to software is hardly the only problem with Ms. Rojas-Lozano's CLRA claim.  To the contrary, the FAC fails to contain a single factual allegation meeting *any* of the CLRA's elements.  In order to state a CLRA claim, a plaintiff must allege that a misrepresentation was made to her, that she entered into a transaction in reliance upon that misrepresentation, and that she

1   suffered economic injury as a result.  *See, e.g.*, *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1047 (N.D.

2   Cal. 2014) ("[T]o adequately plead a CLRA claim, a plaintiff must allege that she relied on the

3   defendant's alleged misrepresentation and that she suffered economic injury as a result."); *Durell v.*

4   *Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (Cal. Ct. App. 2010) (same).  Moreover, as a CLRA

5   claim sounds in fraud, "the circumstances constituting fraud or mistake shall be stated with particularity."

6   *In re iPhone 4S Consumer Litig.*, No. C 12-1127 CW, 2013 WL 3829653, at *9 (N.D. Cal. July 23, 2013)

7   (Rule 9(b) applies to CLRA and UCL claims, *quoting* Rule).

8          Ms. Rojas-Lozano's CLRA claim fails every prong of this test.  *First*, it does not identify any

9   misrepresentation Google made to her at all.  The closest it comes is to point to a screenshot of a

10  reCAPTCHA that states that filling in the reCAPTCHA is "necessary to prevent automated signups."

11  FAC ¶¶ 18–19.  But the FAC pleads no facts to suggest that statement is false (it is not), and the very

12  same screenshot also states "Stop Spam.  Read Books," referencing one of the additional uses to which

13  Google put reCAPTCHA data.  But there is no allegation *either* that Google ever represented to anyone

14  that it would not use reCAPTCHA data in this way, *or* that Ms. Rojas-Lozano ever saw the allegedly

15  misleading screenshot.  To the contrary, her allegations establish that she did not:  she instead alleges that

16  her only interaction with reCAPTCHA was in the course of signing up for Gmail, where (as established

17  by evidence submitted both by Google and Ms. Rojas-Lozano herself) no such language appears.  *See*

18  Liu Decl. Ex. A (Gmail signup screenshot); Vallely Decl., Docket No. 18 (same, submitted by Plaintiff's

19  counsel).  More to the point, Ms. Rojas-Lozano never claims to have read that language, or to have been

20  exposed to *any* statement by Google that she claims mislead her.[6]

21

22  _____

    [6] The FAC (at ¶¶ 6 and 27) could be read to make a passing attempt at a claim of misrepresentation by

23  omission: "Google does not disclose to website users that Google is profiting from their time and effort."
    But there are no facts pled that would create a duty to make such a disclosure, even were one to assume

24  the existence of a reasonable consumer who, signing up for a free email service, would not understand
    that Google must be paying for that service somehow.  But more fundamentally, the proposition that

25  Google did not disclose its use of information to Ms. Rojas-Lozano is simply false.  The Google Privacy
    Policy, which is part of the contract between her and Google, does precisely that:  "We use the

26  information we collect from all of our services to provide, maintain, protect and improve them, to
    develop new ones, and to protect Google and our users."  Liu Decl. Ex. C (Google March 31, 2014

27  Privacy Policy) at 2, available at https://www.google.com/intl/en-
    GB/policies/privacy/archive/20140331/.

28

1    *Second*, because the FAC pleads no misrepresentation to Ms. Rojas-Lozano, it *a fortiori* cannot

2    plead any actual reliance.  As the *Backhaut v. Apple* court explained, where "CLRA . . . claims are based

3    on alleged misrepresentations, omissions, and fraudulent conduct . . . those claims are therefore subject to

4    the actual reliance requirement." *Backhaut*, 74 F. Supp. 3d at 1048; *see also Kane v. Chobani, Inc.*, 973

5    F. Supp. 2d 1120, 1128–29 (N.D. Cal. 2014).  And as this Court explained in *Imber-Gluck v. Google,*

6    *Inc.*, No. 5:14-CV-01070-RMW, 2014 WL 3600506 (N.D. Cal. July 21, 2014), pleading reliance in this

7    context means pleading that, had the Plaintiff known that four characters she typed would be used to

8    improve a Google product, she would have decided not to sign up for an entirely free email service.

9    "However, plaintiff has failed to sufficiently allege that she relied upon Google's misrepresentation or

10   that she would have behaved differently had she been aware of it. . . . [S]he has not alleged that she

11   would have acted differently, had she been aware of" the alleged misrepresentation. *Id.* at *5.  Ms.

12   Rojas-Lozano makes no allegation of reliance, and her CLRA claim fails on that ground as well.

13       *Third*, a CLRA claim requires that the alleged misrepresentation causes the plaintiff to enter into

14   a "transaction" to buy or lease goods or services.  "Transaction" in the CLRA context means an exchange

15   of payment for goods or services, and multiple courts have rejected CLRA claims where no payment was

16   made.  As the court in *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, 988 F. Supp. 2d

17   at 451, held, "[P]laintiffs have not pled facts showing a transaction.  Plaintiffs did not pay for the

18   advertisements and the contention that their personal information constitutes a form of 'payment' to

19   Google 'is unsupported by law.'" (*quoting In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 717 (N.D.

20   Cal. 2011)); *see also Yunker v. Pandora Media, Inc.*, No. 11-3113, 2013 WL 1282980, at *12 (N.D. Cal.

21   Mar. 26, 2013) (dismissing CLRA claim where plaintiff alleged "he purchased the defendant's services

22   with his PII" and not with money).  In order to be a "transaction" under the CLRA, the plaintiff must

23   have paid something, and Ms. Rojas-Lozano did not.  On that basis as well, the FAC fails to state a

24   CLRA claim.

25       And *fourth*, CLRA plaintiffs must "allege that they suffered an economic injury, e.g., that they

26   'lost money or property' as a result of relying on [the defendant's] misrepresentations or omissions."

27   *Backhaut*, 74 F. Supp. 3d at 1048.  *See also Durell*, 183 Cal. App. 4th at 1367; *In re Tobacco II Cases,*

28   46 Cal. 4th 298, 326 (Cal. 2009); Cal. Bus. & Prof. Code § 17204.  As Judge Grewal succinctly put it, "a

9

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT / CASE NO. 3:15-CV-03751-JSC

1    plaintiff must do more than point to the dollars in a defendant's pocket; he must sufficiently allege that in

2    the process he lost dollars of his own." *In re Google Privacy Policy Litig.*, No. C-12-01382-PSG, 2013

3    WL 6248499, at *5 (N.D. Cal. Dec. 3, 2013); *In re iPhone Application Litig.*, No. 11-MD-02250-LHK,

4    2011 WL:4403963, at *10 (N.D. Cal. Sept. 20, 2011) ("Plaintiffs have not alleged 'any damage' as a

5    result of Defendants' alleged actions.  Therefore, Plaintiffs' CLRA claim necessarily fails.").

6          Ms. Rojas-Lozano cannot allege "damage" under the CLRA:  she does not, and cannot, allege

7    that she spent a cent or lost any property, but rather only that Google allegedly profited from her typing a

8    few extra characters.  But even if true, Google's gain cannot satisfy the CLRA's requirement of actual

9    injury.

10         For each of these reasons as well, Ms. Rojas-Lozano's CLRA claim fails on the merits.

11       **3.**    **Plaintiff Has Failed to Satisfy the Procedural Requirements for a CLRA Claim**

12         Finally, Ms. Rojas-Lozano's CLRA claim also must be dismissed for failure to satisfy either of

13   the CLRA's procedural requirements, both of which are applied strictly.  She nowhere alleges she sent

14   the required CLRA letter to Google thirty days before filing her FAC (because she did not), and she

15   therefore fails to include the required declaration attesting to having done so.  Both omissions are fatal.

16   *See In re Apple and AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal.

17   2011) ("Under the CLRA, a plaintiff must also provide a company with thirty days notice of the specific

18   alleged CLRA violation by certified registered mail before filing a CLRA claim for damages.  Cal. Civ.

19   Code § 1782(a).  Federal courts have required '[s]trict adherence to the statute's notice provision . . . to

20   accomplish the [CLRA's] goals of expeditious remediation before litigation.'")[7]; *Laster v. T-Mobile

21   USA, Inc*., 407 F. Supp. 2d 1181, 1195–96 (S.D. Cal. 2005) (same); *In re Apple and AT&T*, 802 F. Supp.

22   2d at 1077 ("If 'a plaintiff fails to file the affidavit required by this section, the court shall, upon its own

23   motion or upon motion of any party, dismiss the action without prejudice.'  Accordingly, the CLRA

---

[7] Ms. Rojas-Lozano alleges she previously sent a letter pursuant to Massachusetts Chapter 93A.  FAC
¶62; Docket No. 1 (initial complaint) ¶47.  But the CLRA is a different statute, with different
requirements, including pre-suit identification of the particular section of the CLRA the defendant is
alleged to have violated.  Ms. Rojas-Lozano's Massachusetts letter cannot by any stretch of the
imagination be described as "strict adherence" to the CLRA's procedures.

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT / CASE NO. 3:15-CV-03751-JSC

1  claims are dismissed without prejudice as to all plaintiffs because they did not file the required

2  affidavits."); *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*,

3  758 F. Supp. 2d 1077, 1093–94 (S.D. Cal. 2010) (dismissing CLRA claim in a consolidated class action

4  complaint because plaintiffs failed to provide the required affidavit).

5       Ms. Rojas-Lozano's failure to comply with either of these procedural prerequisites independently

6  requires dismissal.

7       **C.    Plaintiff Does Not State a Section 17200 claim**

8       Ms. Rojas-Lozano's Section 17200 (or "UCL") claim stands—or in this case falls—with her

9  CLRA claim, for many of the same reasons.  Ms. Rojas-Lozano purports to assert both the "unlawful"

10 and "unfair" prongs of the UCL.  Her sole alleged unlawful act is the alleged violation of the CLRA.

11 FAC ¶ 66.  As such, the myriad defects of the CLRA claim doom the "unlawful" UCL claim as well.

12      Her "unfair" prong claim fares no better.  As a threshold matter, UCL claims alleging

13 misrepresentations must satisfy the pleading requirements of Rule 9(b).  *See, e.g.*, *In re iPhone 4S*

14 *Consumer Litig.*, 2013 WL 3829653, at *10 (dismissing UCL claim on Rule 9(b) grounds); *Kearns v.*

15 *Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

16 1097, 1102 (9th Cir. 2003)) ("Nowhere in the TAC does Kearns . . . specify when he was exposed to

17 [alleged misrepresentations] or which ones he found material.  Kearns also failed to specify which sales

18 material he relied upon in making his decision to buy . . . . "); *Semegen v. Weidner*, 780 F.2d 727, 731

19 (9th Cir. 1985) (The allegations must be "specific enough to give defendants notice of the particular

20 misconduct which is alleged to constitute the fraud charged so that they can defend against the charge

21 and not just deny that they have done anything wrong.").

22      Ms. Rojas-Lozano comes nowhere close to meeting this standard.  Instead, she simply describes

23 Google's conduct as "immoral and oppressive," and then asserts that it is unfair because it "violated the

24 legislatively declared policies reflected by" a laundry list of seven separate California statutes, without

25 identifying the elements of those statutes, much less how any of them was purportedly violated by any

26 act by Google.

27      Moreover, Ms. Rojas-Lozano's UCL claims fail for several of the same reasons as her CLRA

28 claims:  just as with the CLRA, a claim under the UCL requires both reliance and actual economic injury,

1    and as discussed above Ms. Rojas-Lozano can allege neither.  As the *Backhaut* court explained,

2              [T]his Court has concluded "that the actual reliance requirement also
               applies to claims under the UCL's unfair prong to the extent such claims
3              are based on fraudulent conduct."  *See Kane v. Chobani, Inc.*, No. 12–
               2425, 2013 WL 5289253, at *6 (N.D. Cal. Sept. 19, 2013).  Accordingly,
4              the Court has consistently required allegations of actual reliance and injury
               at the pleading stage for claims under all three prongs of the UCL where
5              such claims are premised on misrepresentations.  *See Kane v. Chobani,
               Inc.*, 973 F. Supp. 2d 1120, 1128–29 (N.D. Cal. 2014).

6    *Backhaut*, 74 F. Supp. 3d at 1048; *see also id.* ("Plaintiffs' CLRA claim and UCL claims are based on

7    alleged misrepresentations, omissions, and fraudulent conduct by Apple.  As discussed above, those

8    claims are therefore subject to the actual reliance requirement.").

9            Similarly, "[u]nder both the CLRA and UCL, Plaintiffs must allege that they suffered an

10   economic injury, e.g., that they 'lost money or property' as a result of relying on [defendant's]

11   misrepresentations or omissions."  *Id.* at 1048; *see also In re Sony Gaming*, 903 F. Supp. 2d at 965

12   ("even if a plaintiff has established an "injury in fact" for purposes of Article III, he must also show he

13   has 'lost money or property' to maintain an action under the UCL"); *Troyk v. Farmers Grp., Inc.*, 171

14   Cal. App. 4th 1305, 1348–49 (Cal. Ct. App. 2009); *In re Tobacco II Cases*, 46 Cal. 4th at 326; *Laster v.

15   T-Mobile USA, Inc.*, 407 F. Supp. 2d at 1194 ("a showing of causation is *required* as to each

16   representative plaintiff.  ('Actions for any relief . . . shall be prosecuted exclusively . . . by any person

17   who has suffered injury in fact and has lost money or property as a result of such unfair competition.')")

18   (*quoting* Cal. Bus. & Prof. Code § 17204).

19           As discussed above, Ms. Rojas-Lozano cannot meet this standard.  She does not allege that she

20   ever saw a purportedly misleading statement, that she relied on it in making her decision to download the

21   free Gmail application, or that she "lost money or property" as a result of that nonexistent reliance.  She

22   cannot state a UCL claim.

23           **D.     The Existence of a Written Contract Bars Plaintiff's Claim for "Quasi
                      Contract/Unjust Enrichment"**

24

25           Plaintiff's claim for "unjust enrichment/quasi contract" must be dismissed as well.   Unjust

26   enrichment is not a cause of action under California law.  *See, e.g.*, *In re iPhone Application Litig.*, 2011

27   WL 4403963, at *15 ("[T]here is no cause of action for unjust enrichment under California law."); *see

28   also Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (Cal. Ct. App. 2011) ("Unjust enrichment is

1    not a cause of action"); *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (Cal. Ct. App. 2006)

2    ("There is no cause of action for unjust enrichment.").

3            Unjust enrichment is, at best, a remedy: a theory of recovery based on a claim of quasi-contract.

4    *Durell*, 183 Cal. App. 4th at 1370.  But a claim for quasi-contract is unavailable where a "valid and

5    enforceable written contract governing [the] subject matter" of the dispute exists—such as Google's

6    Terms of Service.  *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).

7    As the court in *In re Apple In-App Purchase Litigation*, 855 F. Supp. 2d 1030, 1042 (N.D. Cal. 2012)

8    explained:  "A plaintiff can recover for unjust enrichment only where there is no contractual relationship

9    between the parties . . . ." (quoting *Blennis v. Hewlett-Packard Co.*, No. C 07-00333 JF, 2008 WL

10   818526, at *4 (N.D. Cal. Mar. 25, 2008)).

11           Neither can Ms. Rojas-Lozano's prior argument—that her claims are not covered by Google's

12   Terms of Service—prevail.  As the transferor court in Massachusetts held, those claims are "plainly

13   governed" by those Terms of Service, (Order at 7, Docket No. 31) which among other things, contain a

14   limitation of liability that bars her claim for monetary relief in excess of what she "paid [Google] to use

15   the Services" (Liu Decl. Ex. B at 3):  in this case, zero.  That ruling is law of the case.  As there is an

16   *actual* contract between the parties, which concerns the same subject matter, no claim for unjust

17   enrichment or quasi-contract can survive.

18   **III.    CONCLUSION**

19           For the foregoing reasons, Ms. Rojas-Lozano's FAC states no cause of action, and must be

20   dismissed.  And as this is now her second attempt to craft a claim, with no prospect that further drafting

21   can cure any of the defects of that attempt, that dismissal should be with prejudice.

22

23   Dated:  October 15, 2015                    DURIE TANGRI LLP

24

25                                             By:  _____*/s/ Michael H. Page*_____
                                                       MICHAEL H. PAGE

26                                                 Attorneys for Defendant
27                                                 GOOGLE INC.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2015 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Michael H. Page*
MICHAEL H. PAGE

DEFENDANT GOOGLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT / CASE NO. 3:15-CV-03751-JSC